**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHRISTINE GREER,

    Plaintiff,

v.                                                                             Case No.  3:14-cv-647-J-34MCR

STONEBRIDGE LIFE INSURANCE
COMPANY,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte.  On June 5, 2014, Defendant filed its Notice for Removal (Dkt. No. 1; Notice), removing this case from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida.  See Notice at 1.  Upon review of the Notice and Plaintiff's Complaint (Dkt. No. 2; Complaint), the Court is unable to determine whether it has jurisdiction over this action.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.  See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity

jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

In the Notice, Defendant asserts that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 because the amount in controversy in this action exceeds $75,000.00 and the action is between citizens of different states. See Notice at 2-3. For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. However, upon review of the Notice and the Complaint, the Court is unable to determine the citizenship of Plaintiff or Defendant. Defendant alleges that "[i]t appears from the allegations of the Complaint and policy of insurance attached thereto . . . that this is a civil action seeking insurance benefits in excess of $75,000 from an insurer who is a citizen of a different state." Notice at 2. Defendant further asserts that "Defendant Stonebridge is a foreign corporation incorporated in Vermont and as specified on page 1 of the Policy its home office is in Rutland, Vermont with an administrative office in Plano, Texas." Id. at 2-3. These allegations are insufficient to demonstrate Plaintiff's and Defendant's citizenships.

"The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 130 S.Ct 1181, 1185 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis removed). Accordingly, the allegation that Defendant's "home office is in Rutland, Vermont with an administrative office in Plano, Texas" is insufficient to disclose Defendant's citizenship—indeed, this allegation does not disclose Defendant's principal places of business. See Hertz, 130 S.Ct at 1185.

Further, to establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Defendant does not identify Plaintiff's citizenship. See generally Notice. Additionally, the Complaint discloses only the residence of Plaintiff, rather than her state of citizenship. See Complaint at 1. As such, the Court finds that Defendant has not alleged the facts necessary to establish the Court's jurisdiction over this case. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

In light of the foregoing, the Court will give Defendant[1] an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over the instant action. Accordingly, it is hereby **ORDERED**:

---

[1] "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

Defendant shall have until **July 3, 2014**, to provide the Court with sufficient information so that it is able to determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of June, 2014.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc18
Copies to:
Counsel of Record